**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION AND APPRENTICE FUNDS and HARRY HARCHETTS as Trustee and Fiduciary for District Council 711 Health & Welfare, Vacation and Apprentice Funds, | CIVIL NO. 11-5702(NLH)(AMD) |
| Plaintiffs, | OPINION |
| v. | |
| RDD INVESTMENT GROUP, LLC, ROBERT SOTTILE, and DAVID SOTTILE doing business as SOUTHERN STATE ENTERPRISES, LLC, Defendants. | |

**APPEARANCES:**

LARK N. BEDRICK
DONNA LEE VITALE
O'BRIEN BELLAND & BUSHINSKY
1526 BERLIN ROAD
CHERRY HILL, NJ 08003

     *On behalf of plaintiffs*

DONALD L. KINGETT
RABIL & KINGETT LLC
215 FRIES MILL ROAD
TURNERSVILLE, NJ 08012

     *On behalf of defendants*

**HILLMAN,** District Judge

     This is an ERISA action to recover unpaid contributions to

health and welfare funds.  Presently before the Court is the motion

of defendants to dismiss plaintiffs' complaint.  For the reasons

expressed below, defendants' motion will be granted.

## BACKGROUND

Plaintiffs, Painters and Allied Trades District Council 711 Health & Welfare, Vacation and Apprentice Funds ("Funds") and Harry Harchetts, as Trustee and Fiduciary for the Funds,[1] are third-party beneficiaries of the collective bargaining agreement ("CBA") between Southern State Enterprises, LLC ("Southern State") and the Union of Painters and Allied Trades, District Council 711 ("Union").  Under the CBA, the Union is required to make contributions to the Funds on behalf of Southern State's employees. When Southern State failed to make the proper contributions, plaintiffs filed suit in this District on December 10, 2008 against Southern State, as well as several other defendants including RDD Investment Group, LLC ("RDD"), the sole member of Southern State, and Robert Sottile and David Sottile, two of the members of RDD.

That case was assigned to this Court, with Civil Action Number 08-6053 (NLH)(JS).  During the course of those proceedings, plaintiffs settled the case, and on March 29, 2009, they filed a stipulation of voluntary dismissal, without prejudice and costs against any party.  On July 15, 2009, plaintiffs filed a motion to enforce the settlement, enter judgment against Southern State, and

---

[1]The funds are benefit funds within the meaning of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 186(c)(5), and Sections 3(1)(2) and 3 of the Employee Retirement Income Security Act of 1947, as amended ("ERISA"), 29 U.S.C. §§ 1002(1), (2), and (3).

order the complaint reinstated against the other defendants.
Plaintiffs' motion revealed that plaintiffs had entered a
settlement agreement with only Southern State, had agreed to
dismiss their claims against the other defendants, and that
Southern State later defaulted on the agreement.  Because of
Southern State's inability to pay, plaintiffs wanted this Court to
reinstate their claims against the other defendants on alter ego
and veil-piercing theories.  Southern State did not necessarily
object to the motion because it admitted it had defaulted on the
settlement agreement, but the other defendants, including RDD and
the Sottiles, did oppose the motion because of plaintiffs' attempts
to hold them liable for the unpaid contributions.

On October 9, 2009, the Court denied plaintiffs' motion,
finding that it no longer had subject matter jurisdiction.  We
found that at the time the action was closed the Court did not
retain jurisdiction to enforce the terms of the settlement
agreement or to hear any other requests relating to the matter.
(See 08-6053, Docket No. 11.)   The Court noted that plaintiffs'
recourse for the defendants' alleged failure to abide by the terms
of the settlement agreement would be to file a new action for
breach of contract.  (See id.)

On November 9, 2009, plaintiffs instituted a new action
against Southern State to enforce the terms of the settlement
agreement.  (See Civil Action Number 09-5707 (RBK)(AMD).)  The case

3

was assigned to Judge Robert Kugler, who granted plaintiffs' motion
for default judgment when Southern State failed to appear.  On
April 9, 2010, judgment was entered in plaintiffs' favor in the
amount of $96,802.27, and the judgment was indexed.[2]

On September 28, 2011, plaintiffs filed the instant action
against RDD and Robert and David Sottile.  Even though the CBA was
an agreement between Southern State and the Union, plaintiffs have
renewed their previously abandoned claim that RDD and the Sottiles
are responsible for the unpaid contributions because Southern State
did not abide by corporate formalities.  Plaintiffs allege in their
complaint that an asset deposition of Daniel Sottile revealed that
RDD and Southern State are under common ownership and control and
since they are therefore a single company, or "employer" under
ERISA, RDD and the Sottiles are also responsible for the delinquent
contributions.

Defendants have moved to dismiss plaintiffs' case against them
for several reasons.  Primarily, defendants contend: (1) that this
case is an improper attempt to re-litigate the claims resolved in
the prior action, (2) that even if these claims are not barred by
res judicata principles, they are barred by ERISA's statute of
limitations, and (3) that plaintiffs must pursue any remedies in

---

[2]Jurisdiction for that case was premised on ERISA, 29 U.S.C.
§ 1132.  We express no opinion as to whether plaintiffs'
complaint to enforce the settlement agreement properly gave rise
to subject matter jurisdiction.

New Jersey state court for lack of subject matter jurisdiction

here, since there is no diversity of citizenship or federal

question present.  Plaintiffs have opposed defendants' motion.

### DISCUSSION

**A.   Subject Matter Jurisdiction**

Plaintiffs' purported basis for jurisdiction over this matter

is Section 502 of Employee Retirement Income Security Act of 1974

(ERISA), 29 U.S.C. § 1132, and Section 301 of the Labor Management

Relations Act (LMRA) 29 U.S.C. § 185.[3]

**B.   Standards**

A motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1)[4] challenges the existence of a federal court's

subject matter jurisdiction.  Facial attacks contest the

sufficiency of the pleadings, and in reviewing such attacks, the

Court accepts the allegations as true. Common Cause of Pa v.

Pennsylvania, 558 F.3d 249, 257 (3d Cir.2009).  Factual attacks, on

the other hand, require the Court to weigh the evidence at its

discretion, meaning that allegations have no presumptive

truthfulness.  See Mortensen v. First Fed. Sav. & Loan Ass'n, 549

---

[3]Because the complaint, on its face, alleges substantive
ERISA violations, the Court, taking those allegations as true,
has subject matter jurisdiction over the action.  As explained
below, however, these claims fail as a matter of law.

[4]Defendants have not premised their motion on Rule 12(b)(1),
but by challenging this Court's ability to hear plaintiffs'
claims for lack of subject matter jurisdiction, their motion
falls under the Rule's purview.

F.2d 884, 891 (3d Cir.1977).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim requires the Court to ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

## C.   Analysis

Plaintiffs' complaint can be viewed in two ways, and each view affects the analysis to be applied to determine its viability. Under plaintiffs' view, they are seeking to recover unpaid ERISA benefits from RDD and the Sottiles, and they are permitted to bring this action in this Court because their claims are against "the employer who is obligated to make contributions to a . . . plan . . . under the terms of a collectively bargained agreement."  29 U.S.C. § 1145.  Jurisdiction here is therefore proper under 29 U.S.C. § 1132(e)(1), which confers jurisdiction on the district court for actions to recover benefits due to a beneficiary or a

fiduciary under the terms of the plan.

Plaintiffs further view RDD and the Sottiles as "the employer" because they discovered during the deposition of Daniel Sottile[5] regarding Southern State's assets that RDD owns and controls Southern State, that Robert and David Sottile are the owners of RDD, and RDD made the sole payment under the settlement agreement to plaintiffs on Southern State's behalf.  Plaintiffs argue that because: (1) plaintiffs entered into a CBA with Southern State, (2) the CBA obligated Southern State to make benefits contributions to plaintiffs, and (3) RDD and the Sottiles are alter egos of Southern State, plaintiffs' action against RDD and the Sottiles is permitted.  Plaintiffs also contend that their claims are timely because their claims against RDD and the Sottiles were only discovered on October 27, 2010 when David Sottile was deposed, and their September 28, 2011 complaint is well within the six year statute of limitations applicable to their ERISA action.[6]

Defendants construe plaintiffs' complaint differently.  To the extent that defendants accept plaintiffs' view that they are "the

---

[5]Daniel Sottile was a defendant in the 2008 action, but is not named as a defendant here.

[6]The Court notes that plaintiffs claimed in their 2008 complaint that RDD and the Sottiles ignored the corporate formalities of Southern State, which possibly casts doubt on their claim that they did not uncover the misconduct until October 2010.  When plaintiffs' cause of action arose for statute of limitation purposes is not relevant, however, to the resolution of defendants' current motion.

employer" obligated by the CBA to make benefit payments to plaintiffs, defendants argue that such a claim is barred by res judicata and other similar principles because it was litigated and resolved in the 2008 action.  Alternatively, defendants argue that plaintiffs' ERISA claim is barred by the statute of limitations because the applicable term is either six months or three years, and even under the three-year limitation, plaintiffs' complaint is untimely since they knew well before December 10, 2008 (the filing of the first action against defendants) that they had a viable claim.  Defendants, however, truly view plaintiffs' complaint as an action to enforce a state law-governed settlement agreement, or a simple collection action on the 2010 judgment, neither of which has any jurisdictional basis in this Court.

Whatever the view of the complaint, the purpose of plaintiffs' action against RDD and the Sottiles is clear.  Southern State will not, or cannot, pay over $96,000 in unpaid contributions, despite its agreement to do so, and despite a judgment of the court ordering it to do so.  It appears to plaintiffs that RDD and the Sottiles on the one hand and Southern State on the other are one-in-the-same, and, thus, Southern State's failure to pay is also RDD and the Sottiles' failure to pay.

This situation where a benefits fund seeks payment for unpaid contributions from another entity when efforts to collect on a judgment entered against the original, CBA-signatory company have

failed is not new, and many cases have addressed the funds'
attempts to accomplish this goal.  The primary method employed is
for the fund to institute a collection action against an alter ego
company in order to collect on the judgment against the first
entity.  To maintain such a case in federal court, however, the
fund must show an independent basis for subject matter
jurisdiction--the fact that the original judgment had been obtained
in an ERISA action is not enough.  See Peacock v. Thomas, 516 U.S.
349, 352-54 (1996) (explaining that "[p]iercing the corporate veil
is not itself an independent ERISA cause of action, 'but rather is
a means of imposing liability on an underlying cause of action,'"
and that "in a subsequent lawsuit involving claims with no
independent basis for jurisdiction, a federal court lacks the
threshold jurisdictional power that exists when ancillary claims
are asserted in the same proceeding as the claims conferring
federal jurisdiction" (citations omitted)); see also International
Ass'n of Heat and Frost Insulators and Asbestos Workers Local No.
14 v. A. Gallo Contractors, Inc., 2008 WL 942595, *2-4  (E.D. Pa.
2008) (discussing Ellis v. All Steel Const., Inc., 389 F.3d 1031,
1035 (10th Cir. 2004)) (in an action to enforce the judgment
against the alter ego successor, where plaintiffs alleged that the
successor should be liable on the original judgment on an alter ego
theory, the court finding, "It is not enough for plaintiffs to
claim that an outside entity is an alter ego in order to establish

9

direct liability: plaintiffs must show that the entity played a direct role in the underlying ERISA violation").

The method tried by plaintiffs here is not the typical one. Instead of filing a collection action against RDD and the Sottiles to hold them liable for the judgment against Southern State, plaintiffs have filed an action against the purported alter egos for the alter egos' alleged violations of ERISA.  Thus, it appears that plaintiffs are attempting to obtain a second judgment for the same delinquencies that the Southern State judgment secures, as if the Southern State judgment does not exist.  This course of action is duplicitous, and barred by the tenets of res judicata.

The doctrine of res judicata "is often analyzed . . . to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.'"  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  Although these doctrines both govern the preclusive effects of a former adjudication, they are applied in different ways.  "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."  Id.  "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  Id.  In order for res judicata/claim preclusion to apply, (1) a final judgment on the merits in a prior suit must involve (2) the same parties or their

privities, and (3) a subsequent suit based on the same cause of

action.  Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir.

1999).[7]

In their 2008 complaint, plaintiffs alleged that Southern

State failed to pay the required contributions to the funds.  That

complaint also alleged that RDD and the Sottiles eschewed the

corporate formalities of Southern State, and they were therefore

also liable for the delinquent contributions.  Even though

plaintiffs sought to hold Southern State, RDD, and the Sottiles

liable for the unpaid benefits contributions, plaintiffs settled

with Southern State, which agreed to a payment plan to pay $99,000,

and dismissed the identical claims against RDD and Sottile.

As detailed above, Southern State defaulted, and plaintiffs

obtained a judgment against Southern State for their breach of the

settlement agreement.  Unable to collect on that judgment against

Southern State, plaintiffs have now attempted to revive their 2008

claims against RDD and the Sottiles.  Plaintiffs cannot do so,

however, because, taking as true that RDD and the Sottiles are one

in the same as Southern State, or are, at a minium, in privity with

---

[7]The Court applies federal law because plaintiffs have
brought their case under ERISA.  Even if New Jersey law were to
apply, the analysis would not differ.  See McNeil v. Legislative
Apportionment Comm'n, 828 A.2d 840 (N.J. 2003); Lubrizol Corp. v.
Exxon Corp., 929 F.2d 960, 965 (3d Cir. 1991) (explaining that
New Jersey's similar res judicata doctrine, the entire
controversy doctrine, is even more preclusive).

11

one another, plaintiffs have already obtained judgment on the very

claim they have reasserted here.  See Transamerica Occidental Life

Ins. Co. v. Aviation Office of America, Inc., 292 F.3d 384, 392-93

(3d Cir. 2002) ("The rationale is that if the adjudication of an

action is binding on parties in privity with the parties formally

named in the litigation, then any claims against parties in privity

should be brought in the same action lest the door be kept open for

subsequent relitigation of the same claims."); see also 51A C.J.S.

Labor Relations § 350 (2009) (explaining that "the alter ego

doctrine has the same binding effect on a nonsignatory to a

collective bargaining agreement as a single employer/single unit

doctrine"); United Food & Commercial Workers Union v. Fleming Foods

East, Inc., 105 F. Supp. 2d 379, 388 (D.N.J. 2000) (quoting Board

of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite

Erectors, Inc., 212 F.3d 1031, 1037-38 (7th Cir. 2000) ("Efforts to

pierce the corporate veil ask a court to hold A vicariously liable

for B's debt ... [whereas] a contention that A is B's 'alter ego'

asserts that A and B are the same entity.")).  Thus, plaintiffs'

current suit against RDD and the Sottiles, premised as it is on

ERISA, is foreclosed under the principle of res judicata.[8]

---

[8]The fact that judgment against Southern State was
accomplished through a settlement does not preclude the
application of res judicata.  The Third Circuit explained, "When
the parties in a pending case negotiate a settlement, the
resulting court order dismissing the case is a final judgment in
that lawsuit.  As a judgment, the settlement and release of
claims is a contract that not only is agreed upon by the parties,

## CONCLUSION

For the reasons expressed above, defendants' motion to dismiss plaintiffs' complaint is granted.  An appropriate Order will be entered.

Date: September 11, 2012            s/ Noel L. Hillman
At Camden, New Jersey               Noel L. Hillman, U.S.D.J.

---

but also is stamped with the imprimatur of the court with jurisdiction over the parties and the subject matter of the lawsuit.  Thus, the release is not simply a contract entered into by private parties, but is one that has been given a stamp of approval by the court."  Grimes v. Vitalink Communications Corp., 17 F.3d 1553, 1557 (3d Cir. 1994) (citation omitted). Accordingly, "settlement agreements are considered final judgments on the merits for the purposes of claim preclusion." Toscano v. Conn. Gen. Life Ins. Co., 288 Fed. Appx. 36, 38 (3d Cir. 2008) (citation omitted).  Moreover, "a judgment entered in an action conclusively settles that action as to all matters that were or might have been litigated or adjudged therein."  Partmar Corp. v. Paramount Pictures Theatres Corp., 347 U.S. 89, 90-91 (1954).
     We express no opinion as to whether a subsequent collection action on the judgment - whether in federal court if subject matter jurisdiction exists or in state court - would also be barred by res judicata.